**Ex parte Terrance ORMSBY.**

**No. 69289.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 19, 1984.

controlled substance, cocaine. Punishment was assessed at 10 years probation. On March 23, 1982, applicant was discharged from his probation, having completed 3½ years thereof. On September 2, 1982, by order of the 185th Criminal District Court of Harris County, the cocaine indictment was dismissed and the judgment of conviction was set aside.

█ Subsequently indicted in December, 1983, for the felony offense of communicating gambling information, applicant filed this application for writ of habeas corpus. Applicant was not in custody at the time he filed the application. The application alleges that the indictment upon which his 1978 cocaine conviction was based is fundamentally defective under *Ex parte Perez*, 618 S.W.2d 770 (Tex.Cr.App.1981), and *Crowl v. State*, 611 S.W.2d 59 (Tex.Cr.App.1980).[1] The validity of a fundamentally defective indictment may be challenged for the first time by a post-conviction writ of habeas corpus. *Ex parte McClain*, 623 S.W.2d 140 (Tex.Cr.App.1981); *Ex parte Fontenot*, 550 S.W.2d 87 (Tex.Cr.App.1977).

Subsequent to filing this application, applicant pled guilty to the misdemeanor offense of possession of gambling paraphernalia. Assessed three days in the Harris County Jail, applicant has discharged his sentence and is not in custody at this time.

█ At the outset, it should be noted that applicant's habeas claim is not rendered moot by the discharge of his probated sentence. Indeed, mootness cannot prohibit a collateral attack if prior discharged convictions may have collateral consequences to a criminal defendant. *Ex parte Sewell*, 606 S.W.2d 924 (Tex.Cr.App.1980); *Ex parte Clark*, 588 S.W.2d 898 (Tex.Cr.App.1979); *Ex parte Legg*, 571 S.W.2d 930 (Tex.Cr.App.1978); *Ex parte Harp*, 561 S.W.2d 180 (Tex.Cr.App.1978); *Ex parte Guzman*, 551 S.W.2d 387 (Tex.Cr.App.1977); *Ex parte Langston*, 511 S.W.2d 936 (Tex.Cr.App.1974); *Ex parte Burt*, 499

Don Lambright, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Eleanor Montague McCarthy, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

MILLER, Judge.

This is a post-conviction application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C.C.P.

In September, 1978, applicant pled guilty to the felony offense of possession of a

---

1. These cases held that the indictments were fundamentally defective because they failed to allege why cocaine, a substance not then listed by name in a penalty group of the Controlled Substances Act, is a controlled substance. Applicant's indictment for possession of cocaine suffers from a similar infirmity.

S.W.2d 109 (Tex.Cr.App.1973). "[A] criminal case is moot only if it is shown that there is no possibility that *any* collateral legal consequences will be imposed on the basis of the challenged conviction." [2] *Sibron v. New York*, 392 U.S. 40, 57, 88 S.Ct. 1889, 1900, 20 L.Ed.2d 917, 932–32 (1968).

 However, this does not end the inquiry. The State urges that since applicant was not in custody at the time of filing this application, and is not in custody at this time, he has failed to meet the custody requirement of the Texas habeas corpus statute. This contention fails to recognize that, unlike its federal counterpart,[3] the Texas habeas corpus statute extends to cases where the applicant is "in custody *or under restraint.*" Arts. 11.01, 11.23, V.A. C.C.P. Indeed, the statute applies to persons who are *"in any manner restrained* in their personal liberty." Art. 11.64, V.A. C.C.P.

As defined in Article 11.22, V.A.C. C.P., restraint means "the kind of control which one person exercises over another, *not to confine him* within certain limits, *but to subject him to the general authority and power of the person claiming such right."* [4]

Construing these provisions, we are mindful of the Legislature's directive that "[e]very provision relating to the writ of habeas corpus shall be most favorably construed in order to give effect to the remedy, and protect the rights of the person seeking relief under it." Art. 11.04, V.A.C. C.P.

We find sufficient restraints arising from the applicant's void conviction to exercise habeas corpus relief. Applicant's previous discharge of his probation is of no moment because "proof of his said conviction or plea of guilty shall be made known to the court should the defendant again be convicted of any criminal offense." Art. 42.12, § 7, V.A.C.C.P. See also Art. 37.07, § 3(a), V.A.C.C.P.

This outstanding collateral consequence of applicant's invalid conviction, imposed under the general authority and power of the State of Texas, is a current and enduring restraint on applicant's liberty. As Judge Odom opined, "[i]f the restraints of collateral consequences are sufficient to defeat mootness, they are sufficient to support the exercise of habeas corpus jurisdiction." *Ex parte Guzman*, supra at 389. (J. Odom, concurring)

The restraint must be removed. It is founded on a void conviction. The relief sought is granted. Applicant is therefore released from every manner of restraint in his personal liberty as a consequence of that conviction.

It is so ordered.

(Tex.Cr.App.1978) (court order compelling attorneys to represent a defendant without compensation constitutes a "restraint"); *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex.Cr.App.1977) (imposition of unconstitutional conditions of probation constitutes a "restraint").

---

**2.** All emphasis is supplied throughout by the author of this opinion unless otherwise noted.

**3.** See 28 U.S.C. §§ 2241(c) and 2242 (Supp. 1982).

**4.** The term "restraint" has been broadly construed. See *Ex parte Bain*, 568 S.W.2d 356, 358