**Ex parte Dave Lee OLIVER.**

**No. 69514.**

Court of Criminal Appeals of Texas,
En Banc.

Jan. 29, 1986.

Dave Lee Oliver, pro se.

Henry Wade, Dist. Atty. and Ruth E. Plagenhoef, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

WHITE, Judge.

This is a post-conviction application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C.C.P.

Applicant pled guilty to a charge of burglary of a habitation in the 195th District Court of Dallas County in cause no. W74–5362–N(A). The court found applicant guilty and sentenced him to two years in the Texas Department of Corrections. No appeal was taken, and applicant served his entire sentence before making application for this writ.

■ Applicant claims his conviction should be set aside because it was based on a fundamentally defective indictment. The State in its response concedes that the indictment was defective because it fails to allege the intent to commit theft and fur-

---

ther recommends that applicant's writ be granted.[1]

■ The validity of a fundamentally defective indictment may be challenged by a post-conviction writ of habeas corpus. *Ex parte Ormsby*, 676 S.W.2d 130 (Tex.Cr. App.1984); *Ex parte McClain*, 623 S.W.2d 140 (Tex.Cr.App.1981); *Ex parte Fontenot*, 550 S.W.2d 87 (Tex.Cr.App.1977). Applicant's claim is not rendered moot because of the fact that he has already served his entire sentence. This is because applicant remains subject to the possibility of contraints on his liberty due to the existence of a prior felony conviction on his record. Applicant is "restrained" so as to come under application of an Art. 11.07, V.A.C.C.P., writ of habeas corpus, even though he is not currently incarcerated. See *Ex parte Ormsby*, supra, at 131. Therefore, applicant has a right to have the void conviction set aside. The relief sought is granted. Applicant is therefore released from every manner of restraint in his personal liberty as a consequence of that conviction.

The Clerk of this Court is instructed to send a copy of this opinion to the Texas Department of Corrections and the Department of Public Safety.

It is so ordered.

---

1. The indictment reads in relevant part:
   "... in the County and State aforesaid, did unlawfully, then and there with intent to exercise control over the property of BARBARA WOLF, enter a habitation without the effective consent of BARBARA WOLF, the said owner."
   The language in the indictment is insufficient to state the offense of burglary because intending to exercise control over the property of another is not in and of itself intent to commit a theft or felony. See V.T.C.A., Penal Code Sec. 30.02. Nor does this language properly track the theft statute. See V.T.C.A., Penal Code Sec. 31.03(a). One of these two alternatives is re-

quired to have a proper indictment under Sec. 30.02(a)(1). See *Daniels v. State*, 573 S.W.2d 21, at 24 (Tex.Cr.App.1978), and the cases cited therein. Although Sec. 30.02(a)(3) does not require an allegation of intent, this subsection is not applicable in the present case because an actual or attempted commission of theft or a felony was not alleged in the indictment. See Sec. 30.02(a)(3). Sec. 30.02(a)(2) is likewise not applicable because concealment is not a basis for the offense charged. The indictment, not properly stating an offense under Sec. 30.02(a)(1)(2), or (3) is therefore fundamentally defective for the offense of burglary.