COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |
|---|---|
| § | No. 08-09-00285-CR |
| § | Appeal from the |
| EX PARTE FRANCISCO FLORES. § | 65th District Court |
| § | of El Paso County, Texas |
| § | (TC# 53384-65-1) |
| § |  |

**O P I N I O N**

Applicant, Francisco Flores, appeals from the trial court's denial of habeas corpus relief.  We affirm the judgment of the trial court.

**BACKGROUND**

On June 9, 1988, El Paso police arrested Flores and Benigno Ramirez for possession of more than 200 pounds of marihuana found inside a residence at 216 Cullen Street in El Paso.  On August 4, 1988, an El Paso County grand jury returned an indictment charging Flores with felony possession of the marihuana.[1]  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121 (West 2010).

On October 11, 1990, Flores' retained defense counsel, Russell M. Aboud, filed a motion to withdraw.  On October 16, 1990, the trial court granted Aboud's motion.  On that same day, Flores retained Samuel J. Dwyer as defense counsel.  On October 17, 1990, Flores pled nolo contendere to the charge in the indictment.  The trial court assessed Flores' punishment at imprisonment for ten years.

On November 13, 1990, Flores filed a motion for new trial.  On November 14, 1990, Flores

---

[1]  It appears from the record that Ramirez was also indicted in relation to the marihuana.

filed an amended motion for new trial, in which he argued that the trial court failed to give him and defense counsel enough time to prepare for trial. On January 15, 1991, the trial court denied Flores' amended motion for new trial. Flores did not appeal from the trial court's order. On March 1, 1991, the trial court suspended further execution of Flores' sentence and placed him on probation for a period of ten years.

On November 7, 1996, Flores filed a motion asking the trial court to terminate his probation, permit him to withdraw his plea of nolo contendere, dismiss the indictment against him, and discharge him. Later that day, the trial court issued an order referring Flores' motion to the jail magistrate, the Honorable James T. Carter, for disposition. On November 15, 1996, the magistrate issued an order granting Flores' motion in all respects. *See* Tex. Code Crim. Proc. Ann. art 42.12, § 20 (West 2006). The order stated that Flores' probation was terminated, that he was permitted to withdraw his plea, that the indictment against him was dismissed, and that he was "released from all penalties and disabilities resulting from the offense."

On August 12, 2009, Flores filed an application for writ of habeas corpus in the convicting trial court, asking that court "to vacate and set aside his plea of nolo contendere . . . ."[2] *See* Tex. Code Crim. Proc. Ann. art. 11.072 (West 2005). Flores argued in his application that he was "illegally restrained"[3] because, as a collateral consequence of his nolo contendere plea, he "is now removable from the United States." More specifically, Flores argued that his guilty plea ought to be set aside because: (1) defense counsel Dwyer (now deceased) rendered ineffective assistance, in

---

[2] Oddly, Flores, in his application for habeas corpus relief, does not mention Magistrate Carter's order.

[3] Habeas corpus is available only to applicants who are "restrained in their liberty." Tex. Code Crim. Proc. Ann. art. 11.01 (West 2005). The Court of Criminal Appeals has reasoned that potential collateral consequences may "restrain" an applicant's liberty such that habeas corpus relief is available. *See Ex parte Ormsby*, 676 S.W.2d 130, 132 (Tex. Crim. App. 1984); G. Dix & J. Schmolesky, *Texas Practice Series: Criminal Practice and Procedure* §§ 34:4 & 58:19 (3rd ed. 2011).

violation of the Sixth Amendment, by failing to advise him of his right to appeal the issue of whether his nolo contendere plea was voluntarily, knowingly, and intelligently made; (2) the trial court judge (also now deceased) coerced him into entering a nolo contendere plea and thereby deprived him of due process of law; (3) defense counsel Dwyer rendered ineffective assistance by advising him to enter a nolo contendere plea; (4) he was constructively denied effective assistance of counsel by defense counsel Aboud, who represented the co-defendant on the same charge, because there was an actual conflict of interest in the joint representation; (5) defense counsel Aboud rendered ineffective assistance by failing to pursue a motion to suppress; (6) defense counsel Dwyer also rendered ineffective assistance by failing to pursue a motion to suppress; (7) defense counsel Dwyer rendered ineffective assistance by failing to thoroughly investigate the facts of the case before recommending to Flores that he enter a plea of nolo contendere; (8) defense counsel Aboud rendered ineffective assistance by waiting until four days before the start of Flores' trial to move to withdraw; and (9) Flores is actually innocent of the charge in the indictment.

On September 15, 2009, the State filed an answer to Flores' application for habeas corpus relief. In its answer, the State argued that Flores' claims ought to be denied on the basis of laches.

On September 30, 2009, the convicting trial court issued a written order denying all of Flores' claims because they were frivolous, should have been raised on appeal, or were barred by laches.

On appeal to this Court, Flores brings six points of error, in which he argues that the convicting trial court erred in denying his claims.

## DISCUSSION

"An appellate court must uphold a trial court ruling that is reasonably supported by the record and is correct under any theory of law applicable to the case." *State v. White*, 306 S.W.3d 753, 757

n.10 (Tex. Crim. App. 2010). Here, we are persuaded that the convicting court's rulings on Flores' habeas claims are correct under a theory of law applicable to the case. Leaving aside for the moment the convicting trial court's stated reasons for its rulings – which we need not address – it is plain to us that Flores' request is moot, because in 1996 Magistrate Carter ordered that he be allowed to withdraw his plea and that the indictment be dismissed. It is apparent from Flores' application that he fears deportation. However, no order from this Court can give Flores, with respect to the prospect of his deportation, any stated relief that he does not already have.

## CONCLUSION

We affirm the judgment of the convicting trial court.


GUADALUPE RIVERA, Justice

July 13, 2011

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)