FILED IN
COURT OF CRIMINAL APPEALS

July 17, 2015

ABEL ACOSTA, CLERK

WR-31,454-04
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/17/2015 12:25:36 PM
Accepted 7/17/2015 1:03:38 PM
ABEL ACOSTA
CLERK

No. WR-31,454-04

---

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

EX PARTE RODNEY ELNESTO SMILEY

---

On Application for a Writ of Habeas Corpus

Trial Court Cause No. W94-02954-U(B)
291st Judicial District Court
Dallas County, Texas

---

## APPLICANT'S REPLY TO THE BRIEF OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE

---

STATE COUNSEL FOR OFFENDERS

Kenneth Nash, Appellate Chief
State Bar of Texas No. 14811030

Nicholas Mensch
State Bar of Texas No. 24070262
P. O. Box 4005
Huntsville, TX 77342
(936) 437-5252
(936) 437-5279 (fax)
nicholas.mensch@tdcj.texas.gov

Attorney for Applicant

# TABLE OF CONTENTS

TABLE OF CONTENTS.............................................................................................. ii

INDEX OF AUTHORITIES....................................................................................... iii

REPLY ARGUMENTS ...............................................................................................1

    I.      Whether Applicant's requested relief, asking to be released to mandatory supervision for his theft offense in Dallas County, is being asked for the first time in this Court?................................................. 2

    II.    Whether Applicant's claims are moot? ....................................................... 4

    III.   Whether the controlling mandatory supervision case may change during an inmate's incarceration? ............................................................. 7

SUMMARY OF THE ARGUMENT ..........................................................................1

ARGUMENT ..............................................................................................................2

PRAYER ..................................................................................................................12

CERTIFICATE OF SERVICE ...............................................................................13

CERTIFICATE OF COMPLIANCE......................................................................14

# INDEX OF AUTHORITIES

**Cases**

*City of Dallas v. Woodfield*
305 S.W.3d 412 (Tex. App.--Dallas 2005, no pet.) ...................................4, 5

*Clark v. Brewer*,
776 F.2d 226 (8th Cir. 1985) ...........................................................................5

*Ex parte Bohannan*,
350 S.W.3d 116 (Tex. Crim. App. 2011) .........................................................5

*Ex parte Brandon*,
No. WR-81,846-01 (Tex. Crim. App. September 17, 2014) (not designated
for publication) ...............................................................................................5

*Ex parte Brandon*,
No. WR-81,846-03 (Tex. Crim. App. September 17, 2014) (not designated
for publication) ...............................................................................................5

*Ex parte Elliot*,
746 S.W.2d 762 (Tex. Crim. App. 1988) .......................................................10

*Ex parte Geiken*,
28 S.W.3d 553 (Tex. Crim. App. 2000) ...........................................................8

*Ex parte Keller*
173 S.W.3d 492 (Tex. Crim. App. 2005) .........................................................9

*Ex parte Mabry*,
137 S.W.3d 58 (Tex. Crim. App. 2004) ..................................................... 9-10

*Ex parte Ormsby*,
676 S.W.2d 130 (Tex. Crim. App. 1984) .......................................................10

*Ex parte Retzlaff*,
135 S.W.3d 45 (Tex. Crim. App. 2004) .........................................................10

*Ex parte Thompson*,
     173 S.W.3d 458 (Tex. Crim. App. 2005) ........................................................9

*General Land Office v. OXY U.S.A. inc.*,
     789 S.W.2d 569 (Tex. 1990) .........................................................................5

*Patterson v. Planned Parenthood of Houston & Se. Texas*, *Inc.*,
     971 S.W.2d 439 (Tex. 1998) .........................................................................6

*Trulock v. City of Duncanville*,
     277 S.W.3d 920 (Tex. App.—Dallas 2009, no pet.) ......................................7

*Weinstein v. Bradford*,
     423 U.S. 147 (1975)......................................................................................5

**Statutes**

Texas Code of Criminal Procedure 42.18 § 8(c) (1994) ......................... 4, 9, 10, 11

Texas Government Code § 508.149....................................................................3, 4

## REPLY ARGUMENTS

I.  Whether Applicant's requested relief, asking to be released to mandatory supervision for his theft offense in Dallas County, is being asked for the first time in this Court?

II. Whether Applicant's claims are moot?

III. Whether the controlling mandatory supervision case may change during an inmate's incarceration?

## SUMMARY OF THE ARGUMENT

Contrary to the Texas Department of Criminal Justice's ("TDCJ") assertion, Applicant's requested relief of being released to non-discretionary mandatory supervision was requested in the trial court in his application for a writ of habeas corpus for his theft conviction in Cause No. WR94-02594-U(B). Also, even if this Court believes Applicant's claims are moot, this Court should review them under the "capable of repetition, yet evading review" doctrine. Alternatively, if this exception does not apply to Applicant's notice claim, Applicant believes that mootness should not apply to this Court's broader question concerning the legality of TDCJ's policy. Finally, TDCJ has assumed that Applicant is contending "that – upon a (hypothetical) favorable DMS vote in 2010 – he would have remained in TDCJ-CID's physical custody until he was physically released for the theft offense," with this assumption forming the basis of their response to Applicant's claims. This assumption is incorrect. The assumption underlying Applicant's claims is simply

1

put, the lack of notice along with TDCJ's policy of not releasing an offender to mandatory supervision until eligible to be released on all mandatory eligible offenses, has made being released to non-discretionary mandatory supervision when one becomes eligible illusionary. TDCJ's policy has also turned his mandatory supervision offense of theft into a discretionary mandatory supervision offense in violation of the federal and state constitutional prohibitions against *ex post facto* laws, the state constitutional prohibition against retroactive laws, and the statutory "savings provision."

An inmate's controlling offense for determining mandatory supervision eligibility is static. To adopt TDCJ's interpretation that the controlling offense may change during an inmate's incarceration would allow TDCJ to continue to engage in its nefarious conduct of manipulating similarly situated persons like Applicant in order to prevent those persons from being timely noticed of a review for a discretionary mandatory supervision eligible offense and then prevent their release to mandatory supervision even after they become eligible for release.

## **ARGUMENT**

I. **Whether Applicant's requested relief, asking to be released to mandatory supervision for his theft offense in Dallas County, is being asked for the first time in this Court?**

In its brief, TDCJ claims that Applicant requesting he should be released to mandatory supervision for his theft conviction was raised for the first time in

Applicant's brief to this Court. See *Brief of TDCJ* at p. 5, fn. 4, citing to the Tarrant County Supplemental Habeas Clerk's Record.  The TDCJ is flat wrong! Applicant did raise this requested relief, specifically in WR-31,454-04 in his application for a writ of habeas corpus for his theft conviction in Cause No. WR94-02594-U(B). Applicant also requested relief in the form of being released to discretionary mandatory supervision in WR-31,454-03 in his application for a writ of habeas corpus for his injury to a child conviction in Cause No. C-213-010293-1011284-B in Tarrant County, Texas.[1] To put it succinctly, Applicant's requested relief was raised previously to his original brief in this Court and is properly before this Court. Applicant's claim regarding the improper application of Tex. Gov't Code §508.149 to his theft offense was also similarly raised in the trial court in Dallas County and is properly before this Court. In any event, even if this Court does not believe that Applicant adequately raised this requested relief in the lower court, Applicant would

---

[1]    Applicant has requested release to mandatory supervision for his theft offense out of Tarrant County in both of his briefs. TDCJ criticizes this requested relief because it would "allow Applicant to serve the remainder of his injury to a child sentence beyond the reach and control of both TDCJ-PD and the Board (at least for the sentence)." *Brief of TDCJ* at 38. Because Applicant had already pointed out that he was already eligible for discretionary mandatory release in 2010, Applicant thought it was implicit in his prayer that releasing him to mandatory supervision on his theft would necessarily include him being released to discretionary mandatory supervision for the injury to a child as the theft case is Applicant's holding offense. To avoid confusion, Applicant will update his request for relief to include release to discretionary mandatory supervision for his injury to a child case.

3

contend that his briefing addresses this Court's second designated issue, something TDCJ does appear to agree with. See *Brief of TDCJ* at p. 5, fn. 4.

## II.     Whether Applicant's claims are moot?

In its brief, TDCJ contends that "[b]ecause Applicant has thrice been reviewed and denied release to DMS, he has already received his remedy for the purported delay in conducting the initial DMS vote, and the issue appears to be moot." *Brief of TDCJ* at p. 12. For the reasons stated in his initial briefs, Applicant disagrees with this assertion and believes his claims are not moot.[2] However, should this Court agree with TDCJ that his claims are moot, Applicant's claims would also be cognizable under the "capable of repetition, yet evading review" doctrine.[3] "There are two exceptions to confer jurisdiction regardless of mootness: (1) the issue is capable of repetition, yet evading review; and (2) the collateral consequences doctrine." *City of Dallas v. Woodfield*, 305 S.W.3d 412, 418 (Tex. App.—Dallas

---

[2]     For example, Applicant argued that the notice that has been given is constitutionally defective because of TDCJ and BPP's faulty premise that Applicant's pre-1996 theft case is governed by Tex. Gov't Code § 508.149, instead of former Tex. Code of Crim. Proc. 42.18 § 8(c)(1994). Based upon this faulty premise, Applicant has never been given accurate notice as to his mandatory supervision dates, and he was denied notice and review of his case for over two years. Subsequent reviews do [not] render this failure to provide notice of his DMS moot as Applicant is still being harmed by this policy to this day as he has still not been released to mandatory supervision on his theft case. This, in effect, rendered the notices useless and deprived Applicant any meaningful opportunity to be heard or reviewed by the BPP for discretionary mandatory supervision as he has now become eligible for mandatory supervision and is entitled to immediate release. Applicant's Brief (WR-31,454-04) at 13.

[3]     TDCJ does acknowledge that Applicant's claim might nevertheless be justiciable under this doctrine. *Brief of TDCJ* at 12.

4

2005, no pet.). The doctrine of capable of repetition, yet evading review, in the context of non-class action suits, is "limited to the situation where two elements combine: 1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and 2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again." *Ex parte Bohannan*, 350 S.W.3d 116, 119 (Tex. Crim. App. 2011), citing to *Weinstein v. Bradford*, 423 U.S. 147, 148-149 (1975). "When determining the 'evading review' element, the proper inquiry is whether the challenged activity is by its very nature short in duration so that it could not, or probably would not, be able to be adjudicated while fully live." *Woodfield*, 305 S.W.3d at 419, citing to *Clark v. Brewer*, 776 F.2d 226, 229 (8th Cir. 1985). The first prong should be met as this case has only been in litigation for a little over a year, and because of the nature of the initial claims, the duration with which to argue these claims was relatively short.[4] As for the second

---

[4] Applicant must state that a similar issue is pending before this Court in *Ex parte Brandon*, No. WR-81,846-02. See *General Land Office v. OXY U.S.A. Inc.*, 789 S.W.2d 569, 571-572 (Tex. 1990) (Two cases pending on the issue present in the case that was determined to be moot could not meet evading review portion of exception to mootness doctrine). The predicament that Brandon is similar to Applicant's; however, the issues presented have been framed as follows: (1) Did the TDCJ and Board of Pardons and Paroles ("BPP") violate Applicant's right of due process by using the unserved balances of his old felony sentences to determine his discretionary mandatory supervision release date on his new felony sentence and (2) Did the TDCJ and BPP violate Applicant's right of due course by using the unserved balances of his old felony sentences to determine his discretionary mandatory-supervision release date on his new felony DWI sentence? Also, this Court denied, without written order, two separate applications filed by Mr. Brandon that raised identical issues as Applicant's applications. See *Ex parte Brandon*, No. WR-81,846-01 (Tex. Crim. App. September 17, 2014) (not designated for publication) and *Ex parte*

prong, Applicant is slated to receive another review for potential release to discretionary mandatory supervision on his injury to a child offense in December 2015, even though Applicant became eligible for mandatory supervision on his theft case over two years ago. See *Affidavit of Charley Valdez* at 3. In effect, Applicant will again be subjected to TDCJ's policy whereby his discretionary mandatory supervision has somehow become his "controlling mandatory supervision case" instead of his mandatory supervision eligible theft case. The players will all be the same; the Applicant and the Texas Department of Criminal Justice. The issues will be identical. And if history is any indication, the result of his review will most likely be the same. *Affidavit of Charley Valdez* at 3 (outlining three reviews and three denials).

Nevertheless, even if this Court does determine that Applicant's notice claim is moot as to his discretionary mandatory supervision claim, Applicant contends that mootness should not apply to this Court's broader question concerning the legality of TDCJ's policy. Applicant is still being harmed by this policy as he is still currently incarcerated on his mandatory supervision eligible offense, even though he qualified for release on that offense in May 2013, and never received any meaningful discretionary mandatory supervision review. Applicant's continued incarceration is

---

*Brandon*, No. WR-81,846-03 (Tex. Crim. App. September 17, 2014) (not designated for publication).

not "dependent on hypothetical facts, or upon events that have not yet to come pass."

*Patterson v. Planned Parenthood of Houston & Se. Texas, Inc.*, 971 S.W.2d 439, 443 (Tex. 1998). In other words, a controversy still exists regarding the legality of TDCJ's policy that an offender may not be released to mandatory supervision until eligible to be released on all mandatory eligible offenses. See *Trulock v. City of Duncanville*, 277 S.W.3d 920, 924 (Tex. App.—Dallas 2009, no pet.).

## III. Whether the controlling mandatory supervision case may change during an inmate's incarceration?

In a nutshell, TDCJ contends that Applicant's position is absurd. TDCJ assumes that Applicant is contending "that – upon a (hypothetical) favorable DMS vote in 2010 – he would have remained in TDCJ-CID's physical custody until he was physically released for the theft offense," with this assumption forming the basis for their response. *Brief of TDCJ* at 8.[5] TDCJ's assumption is incorrect. As Applicant stated in his brief:

> for over two years, even though Applicant became eligible for release to discretionary mandatory supervision, Applicant did not receive notice of that eligibility by TDCJ or BPP and he was denied any hearing with the opportunity to present evidence on his behalf to obtain discretionary mandatory supervision.[6]

---

[5]   TDCJ's assumption is actually one of the situations that Applicant wants to avoid with TDCJ's illegal policy.

[6]   In its brief, the TDCJ attempts to argue that Applicant did not become eligible for discretionary mandatory supervision review in 2010. *Brief of TDCJ* at 13. However, TDCJ's own inmate tracking system refutes this and clearly states he became eligible for review on September 21, 2010. See Exhibit D, attached to Application for a Writ of Habeas Corpus.

***

By treating Applicant's prior 1996 sentence as only eligible for discretionary mandatory supervision and basing the subsequent notices on that assumption, TDCJ and BPP have created a faulty premise that deprives Applicant of his mandatory release that he was scheduled to obtain on May 13, 2013. It also denied him any possible review after he was eligible for discretionary mandatory supervision on his injury to a child case for over two years. It is conceivable that, if the TDCJ and the BPP continue to engage in this nefarious conduct, Applicant will not be released on mandatory supervision on his theft sentence (which he was entitled to May 13, 2013) until February 8, 2016, the date his injury to a child offense discharges.

*Applicant's Brief* (WR-31,454-04) at 10-12.

Applicant's assumption isn't, and nor has he argued, that he should have been released on "paper" to discretionary mandatory supervision and then remain in prison until he became eligible for mandatory supervision release on his theft sentence. The assumption underlying Applicant's claims is pretty straightforward, TDCJ and BPP have been playing fast and loose with Applicant's so-called "controlling offense" to manipulate the date in which Applicant must be released to mandatory supervision on this theft offense. The TDCJ and BPP realize that, because the they failed to take timely action on Applicant's discretionary mandatory supervision eligible injury to a child offense, Applicant was entitled to immediate release on his DMS offense as per *Ex parte Geiken*, 28 S.W.3d 553, 558 (Tex. Crim.

8

App. 2000), and release on his mandatory supervision theft offense on May 13, 2013. Simply put, the lack of notice along with TDCJ's policy of not releasing an offender to mandatory supervision until eligible to be released on all mandatory eligible offenses, has made being released to non-discretionary mandatory supervision when one becomes eligible illusionary. TDCJ's policy has also turned his mandatory supervision offense of theft into a discretionary mandatory supervision offense in violation of the federal and state constitutional prohibitions against *ex post facto* laws, the state constitutional prohibition against retroactive laws, and the statutory "savings provision." *Applicant's Brief* (WR-31,454-04) at 22-23. This is the case here. TDCJ's brief does not address this contention.

TDCJ further contends that from prior to May 13, 2013, Applicant's controlling sentence was his mandatory supervision theft offense. Then once Applicant became "presumptively"[7] eligible to mandatory supervision on that theft case, his controlling offense changed to his discretionary mandatory supervision offense of injury to child. Based upon this framework, TDCJ analyzes this case under the current guidelines for mandatory supervision as found under Chapter 508

---

[7] Despite TDCJ's claim, there is nothing presumptive about Applicant's eligibility for mandatory supervision on his theft case. He is entitled to release on mandatory supervision for his theft conviction. See *Ex parte Thompson*, 173 S.W.3d 458, 459 (Tex. Crim. App. 2005), *Ex parte Keller*, 173 S.W.3d 492, 495 (Tex. Crim. App. 2005), and Tex. Code of Crim. Proc. 42.18 § 8(c) (1994).

of the Texas Government Code, and defines "controlling sentence" to mean "the longest, remaining concurrent sentence for calculating MS or DMS eligibility – measured at a particular point in time." *Brief of TDCJ* at p. 10, fn. 8.[8] To support this proposition, it appears that TDCJ is relying upon Judge Keasler's concurring opinion in *Ex parte Mabry*, 137 S.W.3d 58, 63 (Tex. Crim. App. 2004). *Brief of TDCJ* at 36. "When an inmate has multiple convictions, he will have one conviction which governs his release date, either because it is the most recent, contains the longest sentence, or has the least amount of time credits." *Ex parte Mabry*, 137 S.W.3d at 63 (Keasler, J., concurring). The holding conviction "is the conviction that will keep the prisoner in custody for the greatest amount of time." *Id.*

As stated in his original brief, Applicant's theft conviction is his holding conviction. *Applicant's Brief* (WR-31,454-04) at p. 16-17. From TDCJ's brief, it appears that TDCJ believes that keeping a prisoner in custody only extends to confinement in the Texas Department of Criminal Justice – Institutional Division. *Brief of TDCJ* at 18, citing to *Ex parte Retzlaff*, 135 S.W.3d 45, 48 (Tex. Crim. App. 2004). Custody; however, should not, and has not, been so narrowly construed as to mean solely confinement in TDCJ. This Court has held that persons on parole are in

---

[8] This conveniently allows TDCJ to ignore the former provisions of Tex. Code of Crim. Proc. 42.18 § 8(c) (1994) and keep Applicant incarcerated beyond the date he achieved mandatory supervision on his theft case.

the legal custody of the State and may use habeas corpus to challenge their convictions. See *Ex parte Elliot*, 746 S.W.2d 762 (Tex. Crim. App. 1988); *Ex parte Ormsby*, 676 S.W.2d 130 (Tex. Crim. App. 1984). Also, according to Tex. Code of Crim. Proc. 42.18 § 8(c) (1994):

> A prisoner released to mandatory supervision shall, upon release, be deemed as if released on parole…The period of mandatory supervision shall be for a period equivalent to the maximum term for which the prisoner was sentenced less calendar time actually served on the sentence. The time served on mandatory supervision is calculated as calendar time. *Every prisoner while on mandatory supervision shall remain in the legal custody of the state and shall be amenable to conditions of supervision ordered by the parole panel*.

(emphasis added).

Thus, Applicant's theft offense is the longest sentence that he is still serving, and is the conviction that will keep Applicant in custody for the greatest amount of time as he is not scheduled to completely discharge that sentence until November 2, 2023. *Applicant's Brief* (WR-31,454-04) at 17. Because of this, this offense controls Applicant's eligibility for mandatory supervision, and his eligibility is then governed by Tex. Code of Crim. Proc. 42.18 § 8(c) (1994). An inmate's controlling offense for determining mandatory supervision eligibility is static. To adopt the TDCJ's interpretation that the controlling offense may change during an inmate's incarceration would allow the TDCJ to continue to engage in its nefarious conduct of manipulating similarly situated persons like Applicant in order to prevent those

11

persons from being timely noticed of a review for a discretionary mandatory supervision eligible offense and then prevent their release to mandatory supervision even after they become eligible for release. As stated *supra*, the lack of notice along with TDCJ's policy of not releasing an offender to mandatory supervision until eligible to be released on all mandatory eligible offenses, has made being released to non-discretionary mandatory supervision when one becomes eligible illusionary. TDCJ's policy has also turned his mandatory supervision offense of theft into a discretionary mandatory supervision offense in violation of the federal and state constitutional prohibitions against *ex post facto* laws, the state constitutional prohibition against retroactive laws, and the statutory "savings provision." *Applicant's Brief* (WR-31,454-04) at 22-23. This is the case here. TDCJ's policy is illegal, and to borrow a term from their brief, absurd.

## PRAYER

Applicant Rodney Ernesto Smiley prays that this grant his Application for a Writ of Habeas Corpus and order the Texas Department of Criminal Justice and the Board of Pardons and Paroles to immediately release him on mandatory supervision from the sentence imposed in Cause No. F-9402594-PU for the felony offense of Theft of Property and order the Texas Department of Criminal Justice and the Board of Pardons and Paroles to immediately release him on discretionary mandatory supervision from the sentence imposed in Cause No. 1011284D for the felony

12

offense of Injury to a Child. Applicant also prays for such other relief that this Court may deem appropriate.

<div style="margin-left: 40%">

Respectfully submitted,
STATE COUNSEL FOR OFFENDERS

/s/ Nicholas Mensch
Nicholas Mensch
State Bar of Texas No. 24070262
P.O. Box 4005
Huntsville, Texas 77342-4005
(936) 437-5252
(936) 437-5279 (fax)
nicholoas.mensch@tdcj.texas.gov

</div>

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this *Applicant's Reply Brief* was served upon opposing counsel noted below, by one or more of the following: certified mail (return receipt requested), facsimile transfer, or electronic mail (e-mail), this 17th day of July 2015.

Joseph P. Corcoran
Assistant Attorney General
Supervising Attorney for Non-Capital Appeals
Criminal Appeals Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 936-1400/(512) 936-1280 fax
E-mail address:  Joseph.Corcoran@texasAttorneyGeneral.gov

Susan Hawk
Dallas County District Attorney
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB 19

Dallas, TX 75207
(214) 653-3600/(214) 653-5774 (fax)

<div align="right">

/s/ Nicholas Mensch
Nicholas Mensch
Attorney for Applicant

</div>

## **<u>CERTIFICATE OF COMPLIANCE</u>**

This document complies with the type-volume limitation of Texas Rule of

Appellate Procedure 9.4(i) because this brief contains <u>3227</u> words.

<div align="right">

/s/ Nicholas Mensch
Nicholas Mensch
Attorney for Applicant

</div>