**Ex parte Ben Herbert PHELPER.**

**No. 42192.**

Court of Criminal Appeals of Texas.

July 9, 1969.

[redacted]

Emmett Colvin, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., Malcolm Dade, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

This is an appeal from an order entered after hearing in a habeas corpus proceeding by the Judge of County Criminal Court No. 2 of Dallas County denying petitioner's prayer for discharge from confinement under the judgment of conviction affirmed by this court in Phelper v. State, 396 S.W.2d 396, cert. denied, 382 U.S. 943, 86 S.Ct. 387, 15 L.Ed.2d 353.

A prior petition seeking like relief was dismissed by this court in Ex parte Phelper, 433 S.W.2d 897, not as petitioner's brief suggests because we "did not care to pass upon such critical matters," but for the reason that either the County Court or the District Court, or a judge thereof, had jurisdiction to grant relief and the petitioner had the right to appeal from an order entered after hearing denying relief. Ex parte Phelper, Tex.Cr.App., 433 S.W.2d 897.

The information under which petitioner was convicted in County Criminal Court No. 2 of Dallas County, in 1964, alleged that he "did unlawfully and knowingly have in his possession obscene photographs, to-wit: pictures of nude men and women engaged in acts of sexual intercourse and other obscene poses."

Since the conviction under said information was affirmed by this court and certiorari was denied, and since the petition filed in this court was dismissed, the Supreme Court on April 7, 1969, handed down its opinion in Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542, holding that the First and Fourteenth Amendments prohibit making mere private possession of obscene material a crime.

Such holding requires that we sustain petitioner's contention that the portion of Art. 527 Vernon's Ann.P.C. under which petitioner was charged and convicted, which makes mere possession of obscene material a crime, is unconstitutional. See also Phelper v. Decker, 5 Cir., 401 F.2d 232.

The order denying relief is reversed and petitioner is ordered discharged.