**Ex parte Owen P. DAVIS.**

**Nos. 01–87–00585–CR, 01–87–00586–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 31, 1988.

Glenn J. Youngblood, Houston, for appellant.

John B. Holmes, Dist. Atty. of Harris County, for appellee.

Before HOYT, JACK SMITH and COHEN, JJ.

## OPINION

HOYT, Justice.

This case raises the question of whether post-conviction habeas corpus relief can be granted on misdemeanor convictions after

all the punishment has been served and fines paid.

In the prior suits, the applicant pleaded guilty and was convicted of two misdemeanor offenses of driving while intoxicated. The trial court sentenced him to 30 days in jail and a $50 fine in each case, which he served and paid. Four years later, the applicant was denied entry into the military service because of the two convictions. This writ of habeas corpus was filed attempting to have the convictions declared void.

In three points of error, the applicant contends that his plea was involuntary because he was not admonished as to the range of punishment; that one of the convictions was barred by double jeopardy; and that he was denied effective assistance of counsel. The State, however, argues that this Court does not have jurisdiction because the applicant is not entitled to seek habeas corpus relief through post-conviction writ proceedings and would confine appellate court review of habeas corpus writ proceedings to cases where the person is actually confined. *See* Tex.Code Crim.P. Ann. art. 11.09 (Vernon Supp.1988).

 A writ of habeas corpus is the remedy to be used when any person is restrained in his liberty, Tex.Code Crim.P. Ann. art. 11.04 (Vernon Supp.1988), and this Court is not persuaded that the narrow definition of "restraint" urged by the State is appropriate. The Code of Criminal Procedure defines "confinement" as not only "actual, corporeal and forcible detention of a person, but likewise ... any coercive measures by threats, menaces or fear of injury, whereby one person exercises a control over the person of another, and detains him within certain limits." Tex.Code Crim. P.Ann. art. 11.21 (Vernon Supp.1988). Concepts of "confinement" and "restraint" encompass incarceration, release on bail or bond, release on probation or parole, or any other restraint on "personal liberty." *See generally* Tex.Code Crim.P.Ann. art. 11.64 (Vernon Supp.1988). In light of these statutes, we conclude that a void misdemeanor conviction constitutes "confinement" or "restraint" as defined by the statutes and

also constitutes the necessary collateral legal consequences that would invoke the writ powers of this Court. We now discuss the merits of this conclusion within the context of case law urged by both the State and the applicant.

In *Ex parte Crosley,* 548 S.W.2d 409 (Tex.Crim.App.1977), the court held that an applicant for post-conviction habeas corpus relief in a misdemeanor theft case was entitled to a hearing on his allegations, and that the county court had erroneously denied him one. The applicant had alleged that he was convicted and punished for theft while unrepresented by counsel, while indigent, and without waiving his right to counsel. The court stated:

> We observe that the appellant's sworn application contains allegations of fact which if true would show the appellant's misdemeanor conviction is void.... Even though the applicant may have been discharged from confinement, collateral legal consequences of his conviction may entitle him to relief.... The applicant is entitled to have a hearing on the allegations which he has made.

The court in *Crosley* cited two cases that were post-conviction collateral attacks on *felony* convictions, *Ex parte Burt,* 499 S.W.2d 109 (Tex.Crim.App.1973), where a felony DWI was held void because the court held that the misdemeanor DWI, on which the felony was based, was also void; and *Ex parte Langston,* 510 S.W.2d 603 (Tex.Crim.App.1974). The fact that the court cites these two felony cases as authority to grant relief in a post-conviction attack upon a misdemeanor conviction indicates that the court intended to treat post-conviction collateral attacks the same for a misdemeanor or a felony conviction. However, the court also cited a case where post-conviction habeas corpus relief was granted on a misdemeanor conviction. *See Ex parte Phelper,* 442 S.W.2d 695 (Tex. Crim.App.1969). In *Phelper,* the only punishment was a fine, and the fine had obviously been paid or satisfied because the case had been affirmed by the Court of Criminal Appeals, certiorari had been de-

nied by the U.S. Supreme Court, and a prior habeas attack had also been denied.

Finally, *Ex parte Jordan*, 659 S.W.2d 827 (Tex.Crim.App.1983), held that a court of appeals had jurisdiction to grant post-conviction habeas corpus relief in a misdemeanor case, even though it seems obvious from the opinion that the applicant in *Jordan* had served his time and discharged his fine.

A unanimous court in *Ex parte Ormsby*, 676 S.W.2d 130 (Tex.Crim.App.1984), granted post-conviction habeas corpus relief to an applicant who had pled guilty to the offense of possession of cocaine, received 10 years probation, had been discharged from probation, and the trial court, upon discharging him, had dismissed the indictment and set aside the judgment of conviction. The court held:

> At the outset it should be noted that the appellant's habeas claim was not rendered moot by the discharge of the probated sentence. Indeed, mootness cannot prohibit a collateral attack if prior discharge convictions may have collateral consequences to a criminal defendant.... A criminal case is moot only if it is shown that there is no possibility that *any* collateral legal consequences will be imposed on the basis of the challenged conviction.

676 S.W.2d at 131–32 (emphasis in original) (citations omitted).

After discussing that statutes providing habeas corpus relief are construed liberally in favor of the applicant, the court concluded:

> We find sufficient restraints arising from the applicant's void conviction to exercise habeas corpus relief. Applicant's previous discharge of his probation is of no moment because "proof of his said conviction or plea of guilty shall be made known to the court should the defendant again be convicted of any criminal offense." Art. 42.12, sec. 7, V.A.C.C.P. See also Art. 37.07, sec. 3(a), V.A.C.C.P. This outstanding collateral consequence of appellant's invalid conviction, imposed under the general authority and the power of the State of Texas, is a current and enduring restraint on applicant's liberty....
>
> The restraint must be removed. It is founded on a void conviction. The relief sought is granted. Applicant is therefore released from every manner of restraint on his personal liberty as a consequence of that conviction.

The Court of Criminal Appeals has partially overruled *Ormsby*, but it has done so in a way that plainly shows this applicant's right to seek post-conviction habeas relief. In *Ex parte Renier*, 734 S.W.2d 349 (Tex. Crim.App.1987), the court held that a felon who had completed probation, had his indictment dismissed, his plea withdrawn, and his judgment of conviction set aside, was not under "restraint," as required to grant relief under Tex.Code Crim.P.Ann. art. 11.07 (Vernon 1977 & Supp.1988). Nevertheless, the court expressly held that a felon-applicant could get relief by following the procedure established for misdemeanor offenders in *Ex parte Crosley.*

The court also cited *Ex parte Phelper*, 433 S.W.2d at 897 (Tex.Cr.App.1968), for the proposition that collateral consequences exist even for a habeas corpus applicant like Renier, who had completed probation, had his indictment dismissed, his plea withdrawn, and his judgment of conviction set aside.

Even more so, then, do collateral legal consequences exist for the applicant in the case at bar, whose two convictions are final and have been in no way mitigated.

There can be no doubt after *Ex parte Renier* that this Court has jurisdiction; that the necessary collateral consequences exist; and that the applicant has followed the appropriate procedure to invoke our jurisdiction. *See also State ex rel. Rodriguez v. Onion*, 741 S.W.2d 433 (Tex.Crim. App.1987). This brings us to the merits of the case at bar.

The first point of error asserts that the applicant was not admonished on his plea of guilty regarding the range of punishment, or the maximum punishment, in violation of U.S. Const. amend. XIV, and Tex. Const. art. I, sec. 19.

The applicant concedes, as he must, that Tex.Code Crim.P.Ann. art. 26.13 (Vernon Supp.1988), does not apply to misdemeanor cases, and that the statute requires admonishments only in felony cases. In *Johnson v. State*, 614 S.W.2d 116, 120 (Tex.Crim. App.1981) (op. on reh'g), Judge Teague wrote:

> However commendable it may be for a trial judge to admonish one accused of a misdemeanor offense, as he must where a person is charged with a felony, *see* Article 26.13, V.A.T.C.C.P., ... there is no requirement in Texas law for a trial court to admonish an accused person of *anything* if the offense is classified as a misdemeanor.

614 S.W.2d 120 n. 1 (emphasis added).

This holding is especially compelling in light of the fact that the appellant in *Johnson* had no lawyer, had no plea bargain, was 76 years old with a fifth-grade education and vision problems that made it hard for him to read, and had experience that reasonably led him to expect only a fine as punishment. 614 S.W.2d at 118.

The applicant relies on *McMillan v. State*, 703 S.W.2d 341 (Tex.App.—Dallas 1985), *rev'd*, 727 S.W.2d 582 (Tex.Crim.App. 1987). The Dallas Court recognized that no admonishment of misdemeanor defendant is required under Texas statutes, but held that due process of law, guaranteed by the United States and Texas Constitutions, required an admonishment of the maximum term of imprisonment where the sentence includes imprisonment, as it did in the present case. The court wrote:

> Thus, we hold *only* that the record must affirmatively show that a defendant in prison for a misdemeanor offense was informed of at least the maximum term of imprisonment *for which he was subject* or his guilty plea will be rendered constitutionally invalid under both the Fourteenth Amendment to the Constitution of the United States and Article I, section 19 of the Texas Constitution.

703 S.W.2d at 345 (emphasis added).

The Court of Criminal Appeals reversed the judgment of the Dallas Court of Appeals without determining whether such an admonishment was constitutionally required. Rather, the Court found that there was evidence that such an admonishment had been given in that particular case, and therefore, it was unnecessary to decide the constitutional issue.

We first observe that an applicant for habeas corpus relief has the burden to prove his entitlement to relief by a preponderance of the evidence. *Ex parte Rains*, 555 S.W.2d 478 (Tex.Crim.App.1977). The applicant has not brought forward a statement of facts of the hearing on his guilty plea, nor has he produced proof that none was made or, if made, was unavailable.

The applicant testified that no one informed him of the range of punishment. However, the applicant's trial attorney testified that it was his procedure in every case to discuss punishment possibilities with his clients, while conceding that he had no independent recollection of such conversations with the applicant. Moreover, unlike the appellant in *McMillan*, the applicant was herein sentenced pursuant to a plea bargain; therefore, he pled guilty when he was not exposed to any range of punishment in excess of the plea agreement. *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

Given this reasoning, we conclude that the applicant's claim is without merit, even if the Dallas Court of Appeals' holding in *McMillan* should be considered as prevailing law. This is so because the applicant cannot benefit from a silent record when an admonishment is not required to be in the record, and because the evidence indicates that the applicant knew that the negotiated pleas were for two 30–day jail terms and two $50 fines. Thus, appellant knew the maximum range of punishment to which he was exposed in this particular case.

The first point of error is overruled.

The applicant's second point of error asserts that his conviction in either cause number 698,041 or cause number 690,878, constitutes double jeopardy. He does not allege which particular conviction is invalid. The applicant's claim appears to

be that he was convicted in two cases on a single plea of guilty. The record before us contains judgments reciting that the applicant pled guilty in both cases, and these judgments are entitled to a presumption of regularity. *Breazeale v. State,* 683 S.W.2d 446 (Tex.Crim.App.1985). Moreover, there is no evidence that the two DWI offenses are the same; the judgments allege offenses occurring on different dates.

The second point of error is overruled.

The applicant's third point of error is that he was denied the effective assistance of counsel, resulting in an involuntary guilty plea.

■ The applicant complains that his lawyer did not investigate the law or the facts of the case and did not consult with him and advise him, except briefly and incompletely. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), requires that a defendant must show not only that his counsel was ineffective, but also that except for his counsel's errors, the result of the proceeding would, in reasonable probability, have been different. The applicant has shown nothing to indicate that his counsel's performance affected the outcome of the proceedings.

The third point of error is overruled.

The judgment is affirmed.