**Ex parte Victoria Linn STAMNITZ, Appellant.**

No. 01–88–00809–CR.

Court of Appeals of Texas, Houston (1st Dist.).

March 30, 1989.

John V. Elick, Bellville, for appellant.

Joe Warner Bell, Trinity County Atty., Groveton, for the State.

Before EVANS, C.J., and DUGGAN and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

This is an appeal from the denial of a post-conviction writ of habeas corpus.

On January 7, 1985, appellant pled no contest to a misdemeanor driving while intoxicated [D.W.I.] charge. The trial court sentenced her to two years in county jail, probated, plus a $175 fine. The probationary period was later reduced from two years to eight months.

On December 1, 1987, appellant filed a writ of habeas corpus. She alleged she made an unknowing and involuntary plea because counsel told her she would receive deferred adjudication and the case would be dismissed. Later, she found the D.W.I. conviction was on her record.

At the writ hearing, appellant, her trial counsel, and her mother testified appellant pled no contest believing she would receive deferred adjudication. Counsel admitted he told her the case would be dismissed and the conviction would be removed from her record after the probationary period. He further admitted he did not know deferred adjudication could not be granted in a D.W.I. case after January 1, 1984.

The court found: appellant pled no contest relying on her trial counsel's advice that she would receive deferred adjudication and the conviction would not appear on her record; after January 1, 1984, deferred adjudication was not applicable; counsel did not object when deferred adjudication was not granted; and counsel did not inform appellant she had been convicted of D.W.I. and the conviction was on her record.

The court denied the writ, concluding "[a] post conviction Habeas Corpus is not available in misdemeanor cases." The court also denied a new trial,

> because the Court takes judicial notice that there are approximately 300 cases disposed of by this Court that are identical to the Applicant's in that they would like deferred adjudication, if it were available. It would be a burden on the Court to reconsider those cases and it would be unfair to those persons who did not have sufficient money to hire attorneys to bring a writ of habeas corpus as the Applicant in this case has done.

Appellant argues a writ of habeas corpus is proper in this case. The State agrees the trial court erred in concluding that habeas corpus relief was not available to appellant. This Court in *Ex parte Davis*, 748 S.W.2d 555 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd), held that post-conviction habeas corpus relief can be granted on misdemeanor convictions where, as here, appellant has served all the punishment and paid the fines.

In point of error five, appellant contends her counsel was ineffective because he misinformed her of the nature and consequences of her plea. The State agrees and does not oppose the granting of a new trial.

Appellant asks this Court to dismiss the cause and reform the judgment to grant deferred adjudication. At oral argument, appellant's counsel contended, without authority, that remanding the cause for a new trial would be res judicata. We conclude the proper procedure when reversing a judgment because of ineffective assistance of counsel is to remand the cause for a new trial.

We therefore sustain point of error five, set aside the judgment, and remand the cause for a new trial.