**Opinion issued September 18, 2014**



In The

# Court of Appeals

For The

# First District of Texas

_____

**NO. 01-13-00369-CR**

_____

**RONALD CHARLES WASHINGTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Case No. 1357621**

---

**MEMORANDUM OPINION**

Appellant Ronald Charles Washington pleaded guilty to the first-degree

felony offense of aggravated assault of a family member using a deadly weapon.

*See* TEX. PENAL CODE ANN. § 22.02(b)(1) (West 2011). The plea was entered

without an agreed recommendation as to punishment, and the trial court sentenced

him to imprisonment for 25 years. Washington now argues that the trial court should have granted him a new trial because he received ineffective assistance of counsel. However, because none of the alleged errors have been shown to have affected the result of the trial court proceedings, we affirm.

## Background

On April 12, 2011, Ronald Charles Washington attacked the complainant, Veronica Sanchez, with a machete. Sanchez had dated Washington sporadically for ten years, and she was the mother of his daughter.

On the night of the assault, Washington told Sanchez to "sneak out and don't tell nobody," directing her to meet him at a friend's body shop. Sanchez drove to the body shop with her infant daughter—Washington's child—in the car with her. When she arrived at the unfamiliar, isolated location, she found Washington waiting for her, drinking and wearing latex gloves. After a brief, emotional conversation, Washington walked to his nearby truck and returned with a machete. He struck Sanchez with the machete repeatedly, causing injury to her head, arms, hands, and body. Sanchez tried to run away, but Washington caught up and doused her with a can of gasoline, trying unsuccessfully to light her on fire. She was hospitalized and treated for numerous wounds.

Washington was indicted for aggravated assault of a family member using a deadly weapon. He filed a notice of intent to plead not guilty and elected that the

2

trial court assess punishment in the event of a guilty verdict. Prior to the start of voir dire, while the venire panel was in the hallway, defense counsel approached the trial judge and informed him that Washington had decided to plead guilty. The parties agreed to an expedited voir dire that would empanel a jury in order to hear the plea. Once the jury had been selected and sworn, Washington pleaded guilty. The court then recessed in anticipation of a short proceeding at which the jury would enter a verdict on the basis of Washington's guilty plea.

When court reconvened three days later, defense counsel confessed that he had mistakenly advised his client about the availability of community supervision. Counsel explained that he had incorrectly believed that the court could suspend sentence and place Washington on community supervision following conviction by the jury, although in fact he could be placed on community supervision only if he pleaded guilty and the court deferred adjudication. Counsel argued that Washington's plea had been predicated on this erroneous advice, and accordingly he moved for a mistrial, which the court denied.

The court nevertheless allowed Washington to withdraw his plea on the grounds that he had not been properly admonished of the rights he was waiving prior to pleading guilty. Washington requested that punishment be assessed by a jury in the event of conviction, but the State refused to agree to that change. In the

presence of the jury, Washington withdrew his plea of guilty and entered a plea of not guilty.

Eventually an agreement was reached whereby the State would consent to a mistrial, Washington would plead guilty once reindicted, and the court would assess punishment after receiving a presentence investigation report. In this scenario, the court would have discretion to defer adjudication and place Washington on community supervision, something it could not do following conviction by a jury. *Compare* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(2) (West Supp. 2014) (judge-ordered community supervision unavailable under § 3(a) to a defendant who pleaded guilty and used a deadly weapon during the commission of a felony offense), *with id.* art 42.12, § 5(d) (permitting deferred adjudication and community supervision under § 5(a)). The trial court approved the agreement, granted Washington's renewed motion for mistrial, and discharged the jury. Later, when the court read the new indictment, Washington pleaded guilty and signed an acknowledgement that his guilty plea was free and voluntary.

Several months later, the court held a punishment hearing, received the presentence investigation report, and heard evidence from the parties. At the conclusion of the hearing, the judge sentenced Washington to 25 years in prison. The trial court denied a motion for new trial, and Washington timely filed a written notice of appeal.

4

**Analysis**

In his sole issue on appeal, trial counsel's performance has been challenged as ineffective because he: (1) misinformed Washington about the trial judge's authority to suspend sentence and place him on community supervision following conviction; (2) failed to file a sworn application for community supervision; and (3) failed to offer evidence of Washington's clean record to prove his eligibility for community supervision.

The Sixth Amendment to the Constitution provides: "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. This right to counsel is not merely the right to have counsel physically present in the courtroom; it is the right to have the effective assistance of counsel in the courtroom. *McMann v. Richardson*, 397 U.S. 759, 771 n.14, 90 S. Ct. 1441, 1449 (1970).

The United States Supreme Court has established a two-pronged test for determining whether there was ineffective assistance of trial counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 2064, 2068 (1984). To prevail on a claim of ineffective assistance of counsel under *Strickland*, Washington must show that counsel's performance fell below an objective standard of reasonableness, and that but for counsel's unprofessional error, there was a reasonable probability that the result of the proceeding would have been

different. *See id.*; *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005). A failure to make a showing under either prong defeats an ineffective-assistance claim. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003). The *Strickland* standard applies to a challenge to a guilty plea based on ineffective assistance of counsel. *See Hill v. Lockhart*, 474 U.S. 52, 57, 106 S. Ct. 366, 369–70 (1985).

"The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688; 104 S. Ct. at 2065. When we apply this standard, we do so deferentially. *Id.* at 689; 104 S. Ct. at 2065. In support of that deference, there is a presumption that, considering the circumstances, a lawyer's choices were reasonably professional and motivated by sound trial strategy. *Id.* In the face of this presumption, a criminal defendant has the burden of showing by a preponderance of the evidence that his attorney failed to provide reasonably effective assistance. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). "An ineffective-assistance claim must be 'firmly founded in the record' and 'the record must affirmatively demonstrate' the meritorious nature of the claim." *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

**1. Incorrect advice regarding the trial court's authority to grant community supervision**

A guilty plea entered after a proper demonstration of ineffective assistance of counsel is considered involuntary and therefore invalid. *See Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999). In this context, satisfaction of the second *Strickland* prong entails a demonstration of a "reasonable probability that, but for counsel's errors, he would have not have pleaded guilty and would have insisted on going to trial." *Id.* (quoting *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997)).

In arguing that his trial counsel provided erroneous advice about the potential outcomes of his guilty plea, Washington relies upon the provisions of the Code of Criminal Procedure dealing with postconviction community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 3. He correctly observes that the law expressly forbids a judge from suspending sentence and placing the defendant on community supervision following a felony conviction when there is an affirmative finding that a deadly weapon was used. *Id.* at 42.12 § 3g(a)(2). It is ineffective assistance of counsel when trial counsel relays erroneous advice to his client regarding eligibility for community supervision. *Riley v. State*, 378 S.W.3d 453, 458 (Tex. Crim. App. 2012); *Ex parte Stamnitz*, 768 S.W.2d 461, 462 (Tex. App.—Houston [1st Dist.] 1989, no writ).

But even though trial counsel conceded his mistake, that error nevertheless fails the second prong of *Strickland* because there is no evidence it would have produced a different outcome. Trial counsel rectified the situation, first by relaying the correct information to his client, alerting the judge of his mistake, and moving for a mistrial. Once Washington's mistrial was granted and he entered his new plea of guilty, his tainted plea was erased. *See Lopez v. State*, 428 S.W.3d 271, 282–83 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (holding that appellant's claim of ineffective assistance of counsel at his first punishment hearing was moot following successful motion for new trial and second punishment hearing). There is no evidence that the misinformation affected Washington's subsequent decision to plead guilty once again. Washington signed a waiver and informed the trial court that his plea of guilty was free and voluntary and that he understood he was waiving certain constitutional rights. Thus on appeal, he has failed to meet his burden to prove that but for his trial counsel originally misinforming him about his eligibility for court-ordered community service, he would have not entered a plea of guilty later, after that mistake was corrected.

2. **Failure to file a sworn application for community supervision.**

Pursuant to Texas Code of Criminal Procedure article 42.12 section 4(d)(3) and (e), a defendant is required to file a sworn application for community supervision before a jury may consider him for community supervision. *See* TEX.

CODE CRIM. PROC. ANN. art. 42.12 § 4(d)(3) & (e). Nevertheless, Washington agreed to plead guilty and have the trial court assess his punishment without a jury, thus rendering article 42.12 section 4(d) inapplicable because that provision relates solely to jury-recommended community supervision. As such, because punishment ultimately was not assessed by a jury, trial counsel was not ineffective for failing to file the sworn application. *See Huynh v. State*, 833 S.W.2d 636, 638 (Tex. App.—Houston [14th Dist.] 1992, no pet.); *George v. State*, No. 03-05-00415-CR, 2007 WL 1451995, at *4 (Tex. App.—Austin May 16, 2007, no pet.) (mem. op., not designated for publication) (counsel was not ineffective for failing to file a sworn application for community service because it is only required when the jury assesses punishment); *Ruiz v. State*, No. 05-01-01176-CR, 2002 WL 981911, at *1 (Tex. App.—Dallas May 14, 2002, pet dism'd) (mem. op., not designated for publication) (same). Washington has failed to establish that trial counsel's performance was unreasonable; therefore, his claim fails the first prong of *Strickland*.

### 3. Failure to offer evidence of criminal record

The defendant must prove he has not been previously convicted of a felony in order to receive community supervision from a jury. *See* TEX. CODE CRIM. PROC. ANN. art 42.12 § 4(e). This requirement applies when the jury assesses punishment, but it is not required when, as in this case, the trial court assesses

9

punishment. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(a). Washington pleaded guilty and his punishment was assessed by the court. Therefore, trial counsel was not ineffective for failing to offer evidence to prove Washington's eligibility for community supervision.

Moreover, the record shows that the judge acknowledged that Washington had a "clean record." It also reflects that the trial court "listened to the full range of testimony that was produced at the punishment hearing," and that it considered the full range of punishment, including probation. Therefore, even if counsel rendered deficient performance by not submitting evidence of Washington's good criminal record, his claim fails the second prong of *Strickland*.

## Conclusion

We affirm the judgment of the trial court.

Michael Massengale
Justice

Panel consists of Justices Massengale, Brown, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).