ACCEPTED
03-15-00290-CR
7177140
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/30/2015 7:42:42 PM
JEFFREY D. KYLE
CLERK

## NO. 03-15-00290-CR

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/30/2015 7:42:42 PM
JEFFREY D. KYLE
Clerk

**IN THE COURT OF APPEALS
FOR THE
THIRD SUPREME JUDICIAL DISTRICT
AT AUSTIN, TEXAS**

**EX PARTE:**

**RAFEAL HERNANDEZ-PRADO**

**Appeal from the 33rd Judicial District Court
Cause No. 9767A
Burnet County, Texas
The Honorable J. Allan Garret, Judge Presiding**

**APPELLANT'S MOTION TO ABATE**

**Gary E. Prust
State Bar No. 24056166
1607 Nueces Street
Austin, Texas  78701
(512) 469-0092
Fax:  (512) 469-9102
gary@prustlaw.com**

**ATTORNEY FOR APPELLANT**

**ORAL ARGUMENT IS NOT REQUESTED**

**APPELLANTS' MOTION TO ABATE**

Appellant, Rafeal Hernandez-Prado, file this, his "Motion to Abate" and in support thereof shows as follows.

I.

1.      Appellant's was placed on deferred adjudication probation on October 13, 2003. The record shows court-appointed counsel translated the plea of guilty and the admonitions, waivers, judicial confession, and written plea of guilty. The record also shows there was an immigration hold in 2003.

2.      Thereafter, the State filed a Request to Adjudicate October 1, 2013 and a capias was issued the following day. The Request alleged Appellant violated the terms of his probation by failing to report to the probation department as directed, by failing to remain in "Juanagato, Mexico", failing to notify the probation officer of a change of address or employment, by failing to complete community service hours, by failing to pay various fines and costs, failing to complete psychiatric or psychological testing within 90 days of the probation date, failing to attend psychiatric or psychological counseling as directed, failing to submit a blood sample to the Texas Department of Public Safety, and failing to submit to polygraph testing as directed. *See* Exhibit A.

3.      Appellant then filed an application for writ of habeas corpus pursuant to Art. 11.072 of the Texas Code of Criminal Procedure January 7, 2015. Exhibit B. In it, Appellant averred the terms and conditions of community supervision were not explained in a manner or language in which he could comprehend the requirements before he entered his plea. Further, Appellant requested to withdraw the underlying plea and have the terms of the plea agreement explained on the record by a certified interpreter before deciding whether to accept the plea or continue to negotiate with the State.

Appellant prayed the court to review the proceedings and determine whether Appellant was properly educated about the terms and conditions of his plea agreement, the consequences of violating community supervision, any obligations to follow directions of the community supervision department, and determine whether the language barrier prohibited him from understanding the criminal proceedings he initially faced.

4.      Appellant filed a motion to quash and exception to the form of the request to adjudicate March 25, 2015. The motion to quash, writ of habeas corpus, and request to adjudicate were heard March 25, 2015. *See* IV RR 1, *et seq*.

5.      In two separate orders, the motion to quash and the application for writ of habeas corpus were each denied. *See* Exhibit C. Each order is file stamped April 30, 2015. The order denying the application for writ of habeas corpus is dated

March 25, 2015.

6.     The order denying the writ of habeas corpus does not say the application is frivolous on its face, nor does it include written findings of fact or conclusions of law. The court stated at the sentencing on May 5, 2015 as follows, "[T]he Court – having taken [the request to adjudicate and application for writ of habeas corpus] under advisement and reviewed defense counsel's writ and pleadings and review of the evidence before the Court, the Court finds that the Defendant did violate Probation Terms and Conditions 5, 11, and 13, and the Sex Offender Supplement Probation Terms and Conditions 1, 2, 8, and 9." V RR 5. The trial court then assessed Appellant's punishment at fifteen years' confinement and no fine. *Id*.; Exhibit D.

7.     The Texas Code of Criminal Procedure, in article 11.072, § 7(a) states that if the court determines from the application that the applicant is not entitle to any relief, the court shall enter a written order denying it as frivolous. In all other such cases, "the court shall enter a written order including findings of fact and conclusions of law." *Id*.

8.     After a review of the record, Appellant has not been able to find any written findings of fact and conclusions of law nor any order denying the application for the writ as frivolous.

9.     This cause should be returned to the trial court for the entry of written

findings of fact and conclusions of law. *Ex Parte Jones*, 367 S.W.3d 696, 697 (Tex.App. – Texarkana 2012, no pet.); *Ex Parte Enriquez*, 227 S.W.3d 779 (Tex.App. – El Paso 2005, pet. ref'd) (The appellate court abated the appeal and ordered the trial court to clarify its written order finding the Applicant manifestly not entitled to relief and denying the writ. Following the word "denied", the trial court struck through type-written portions of the prepared order which read "as frivolous".); *see also Ex Parte Ali*, No. 03-10-00207-CR (Tex.App. – Austin 2010, no pet.) (mem. op., not designated for publication).

10.     Accordingly, Appellant's counsel request this Court abate this appeal and enter and order directing the trial court to enter written findings of fact and conclusions of law in accordance with Tex. Code Crim. Proc. art. 11.072 § 7(a) (West 2015).

Respectfully submitted,

/s/ Gary E. Prust

Gary E. Prust
SBN 24056166
1607 Nueces Street
Austin, Texas 78701
(512) 469-0092
Fax: (512) 469-9102
gary@prustlaw.com
Attorney for Appellant

**CERTIFICATE OF SERVICE**

In compliance with Rule 9.5(d) of the Texas Rules of Appellate Procedure, the undersigned attorney certifies that a true and correct copy of the foregoing Motion was served upon Mr. Gary Bunyard with the 33rd and 424th Judicial District Attorney's Office on this 30th day of September, 2015 via electronic transmission through efiletexas.gov.

/s/ Gary Prust
Gary E. Prust

**CERTIFICATE OF COMPLIANCE**

Pursuant to TEX. R. APP. PROC. 9.4(i)(3), I hereby certify this brief contains 805 words. This is a computer-generated document created in Microsoft word, using 14-point typeface. In making this this certificate, I rely on the word county provided by the software use to prepare the document.

/s/ Gary Prust
Gary E. Prust

**CERTIFICATE OF CONFERENCE**

In compliance with Rule 10.1(a)(5) of the Texas Rules of Appellate Procedure, the undersigned attorney certifies he conferred with Mr. Gary Bunyard of the 33rd and 424th District Attorney's Office on this 30th day of September, 2015, and opposing counsel neither joins nor opposes this motion.

/s/ Gary Prust
Gary E. Prust

**NO. 9767**

| | | |
|---|---|---|
| THE STATE OF TEXAS | X | IN THE DISTRICT COURT OF |
| VS. | X | BURNET COUNTY, TEXAS |
| RAFAEL HERNANDEZ-PRADO | X | 33RD/424TH JUDICIAL DISTRICT |

## STATE'S REQUEST FOR ADJUDICATION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the STATE OF TEXAS, represented herein by her Assistant District Attorney and respectfully asks this Honorable Court to proceed to adjudication in the above entitled and numbered cause and for grounds therefor would show that the defendant was placed on probation for a period of TEN (10) years, on OCTOBER 10, 2013, for the offense of BURGLARY OF A HABITATION TO COMMIT ANOTHER FELONY 1ST DEGREE and among the terms and conditions were that the defendant:

5. Report in person immediately to the Probation Officer of the Community Supervision and Corrections Department of __BURNET__ County, Texas, and thereafter report at such other times and in such manner as directed by the Court or the Probation Officer.

9. Remain within the limits of __JUANAGATO, MEXICO__ unless given permission by the Probation Officer to leave such limits.

11. Notify the Probation Officer of any change of address or employment within 5 days of such change.

13. Participate and work, without compensation, ten hours per month in a community service program or task as directed by the Probation Officer for a total of __750__ hours.

14. Pay the following amounts to and through the Community Supervision and Corrections Department:
    a. Court costs in the amount of $__203.00__ due in full NOVEMBER 10, 2003.

# Exhibit A

54

b.      Probation fee of $__50.00__ each month during your probation period beginning __NOVEMBER 10, 2003__.

c.      Restitution/Reparation in the amount of $-0-_ at the rate of:
$___ per month beginning ___, 2___.

d.      Fine in the amount of $_2000.00___ at the rate of $_30.00___ per month beginning NOVEMBER 10, 2003.

e.      Court appointed attorney fees in the amount of $_450.00__ at the rate of:
$ 10.00 per month beginning NOVEMBER 10, 2003.

f.      Crime Stoppers fee to the __BURNET__ Crime Stoppers Program in the amount of $_50.00_ at the rate of:$_5.00_ per month beginning NOVEMBER 10, 2003.

## SO SUPPLEMENT
## PROBATION TERMS AND CONDITIONS FOR SEX OFFENDERS

1.      Undergo psychiatric and/or psychological testing and evaluation by a licensed sex offender provider, within 90 days of probation date as directed by the Probation Officer and pay the cost of same.

2.      Attend, participate and complete a psychiatric and/or psychological counseling program, with a licensed sex offender provider, as directed by the Probation Officer and pay the cost of same. Remain in said program until successfully discharged by the sex offender provider.

8.      Submit to a blood sample or other specimen to the Department of Public Safety under Sub-chapter G, Chapter 411, Government Code, for the purpose of creating a DNA recording and pay cost of the same.

9.      Submit a polygraph testing as directed by the Community Supervision Officer or the therapist and pay cost of the same.

The defendant, while on Probation, committed the following violations:

5.      The Defendant failed to report in person to the Probation Officer of the Community Supervision and Corrections Department of __BURNET__ County, Texas, and thereafter report at such other times and in such manner as directed by the Court or the Probation Officer.

# Exhibit A

55

9.  The Defendant failed to remain within the limits of __JUANAGATO, MEXICO__ unless given permission by the Probation Officer to leave such limits. Defendant returned to the United States without permission. Defendant received a ticket for no seat belt on December 18, 2007, by the Texas Highway Patrol in Burnet County, Texas.

11. The Defendant failed to notify the Probation Officer that he had returned to the United States of America.

13. The Defendant failed to participate and work, without compensation, ten hours per month in a community service program or task as directed by the Probation Officer for a total of _750_ hours.

14. The Defendant failed to pay the following amounts to and through the Community Supervision and Corrections Department:

    a.  Court costs in the amount of $_203.00_ due in full __NOVEMBER 10, 2003.__

    b.  The Defendant is $6000.00 delinquent in Probation fees.

    d.  The Defendant is $2000.00 delinquent in his Fine.

    e.  The Defendant is $450.00 delinquent in Court appointed attorney fees.

    f.  The Defendant is $50.00 delinquent in Burnet County Crime Stoppers fee.

SO SUPPLEMENT
PROBATION TERMS AND CONDITIONS FOR SEX OFFENDERS

1.  The Defendant failed to undergo psychiatric and/or psychological testing and evaluation by a licensed sex offender provider, within 90 days of probation date as directed by the Probation Officer and pay the cost of same.

2.  The Defendant failed to attend, participate and complete a psychiatric and/or psychological counseling program, with a licensed sex offender provider, as directed by the Probation Officer and pay the cost of same. Remain in said program until successfully discharged by the sex offender provider.

8.  The Defendant failed to submit to a blood sample or other specimen to the Department of Public Safety under Sub-chapter G, Chapter 411, Government Code, for the purpose of creating a DNA recording and pay cost of the same.

# Exhibit A

56

9. The Defendant failed to submit a polygraph testing as directed by the Community Supervision Officer or the therapist and pay cost of the same.

Said violations of the law constitute violations of the probation in this cause and were committed after the time the Order Deferring Adjudication was entered in this cause.

WHEREFORE, PREMISES CONSIDERED, the State prays that RAFAEL HERNADEZ PRADO, Defendant herein, be cited to appear before this Honorable Court at a time and place specified by this Court to show cause, if any he have, why adjudication heretofore deferred in this cause should not be had; and that upon final hearing the probation heretofore given to this Defendant should be in all things be revoked and Judgment and Sentence entered and that the said RAFAEL HERNANDEZ-PRADO, be confined in the State Penitentiary for a period to be determined by the Court and that the Clerk of this Court be Ordered and authorized to issue all necessary papers including Judgment, Sentence and Commitment the same as if adjudication had not been deferred and no probation had ever been granted herein and for such other orders as the Court may direct.

_____
Attorney for the State
33rd Judicial District

# Exhibit A

## CAUSE NO. 9767

| | | |
|---|---|---|
| EX PARTE | § | IN THE 33RD DISTRICT |
| | § | |
| | § | OF |
| | § | |
| RAFEAL HERNANDEZ-PRADO | § | BURNET COUNTY, TEXAS |

## APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGE OF SAID COURT:

RAFEAL HERNANDEZ-PRADO, Applicant, by and through his attorney of record EDDIE G. SHELL, files this application for writ of habeas corpus pursuant to Article 11.072 of the Code of Criminal Procedure and the Texas Constitution, Article V, § 8, seeking post conviction relief, and in support shows the following:

I.

The Applicant was convicted of the offense of Burglary of a Habitation – Intent to Commit Felony on October 10, 2003 and was sentenced to ten (10) years deferred Adjudication, a two thousand dollar ($2,000) fine and court cost. The applicant was represented by Eduardo Arredondo. All terms and conditions of the deferred adjudication probation were not explained to him in a manner and in a language where he could understand said terms and conditions. Applicant only speaks Spanish and it is applicant's position that he was not appropriately admonished and educated about the terms and conditions of his plea before entering the plea. Additionally, applicant contends that all terms and conditions of his plea were not explained to him upon entering his plea. Therefore, applicant's plea was not entered knowingly, voluntarily, or intentionally.

Applicant request that the court permit into withdraw any alleged plea bargains or guilty pleas entered in the underlying offense. Specifically, applicant request that the court permit him to have the full terms and conditions of the underlying plea bargain explained to him on the record by a certified interpreter so that he may decide whether or not to

# Exhibit B

81

accept the plea bargain or continue to negotiate with the prosecution.

Applicant would ask the court to review the underlying offense and to carefully scrutinize whether or not he was educated with regard to:

    (a) The terms and conditions of his plea bargain.

    (b) The consequences for violating his probation.

    (c) His obligations to follow the instructions from the probation department.

    (d) His ability to understand the criminal proceedings he initially faced given the language barrier.

## II.

Applicant is entitled to habeas corpus relief if they were either "confined" or "restrained" unlawfully at the time he applied for relief. *State v. Collazo*, 264 S.W.3d 121, 126 (Tex. App.—Houston [1st Dist.], pet. ref'd). The terms "confinement" and "restraint" include release on community supervision or any other restraint on personal liberty. Ex parte Davis, 748 S.W.2d 555, 557 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd). Lack of physical confinement does not preclude an applicant from seeking relief or deprive a trial court of jurisdiction from hearing his plea. Ex parte Schmidt, 109 S.W.3d 480, 482-83 (Tex. Crim. App. 2003). Individuals who have completed their term of community supervision may bring a writ of habeas corpus pursuant to the Texas Code of Criminal Procedure, art. 11.072. *Ex Parte Enriquez*, 227 S.W.3d 779, 781 (Tex. App.—El Paso 2005, pet. ref'd).

A showing of collateral legal consequences is sufficient to show that an applicant is "confined." *See* Collazo, 264 S.W.3d at 126-27. Collateral legal consequences resulting from a prior felony conviction have been defined broadly. *See* Ex parte Davis, 748 S.W.2d at 557; Le v. State, 300 S.W.3d 324, 326-27 (Tex. App.—Houston [14th Dist.] 2009, no pet.); *Ex parte Wolf*, 296 S.W.3d 160, 166-167 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). If the applicant may suffer collateral legal consequences from his felony conviction, a trial court has jurisdiction to consider his application for habeas relief. Schmidt, 109 S.W.3d at 483. Applicant's liberties are restrained as defined in Article 11.22 of the Code of Criminal Procedure which defines restraint as:

# Exhibit B

"the kind of control which one person exercises over another, not to confine him within certain limits, but to subject him to the general authority and power of the person claiming such right."

### III.

Applicant prays that the court grant this post conviction writ of habeas corpus and that the conviction in the above entitled and numbered cause be set aside.

Respectfully Submitted,

**Eddie G. Shell**
Shell & Shell
State Bar Number: 18191650
6000 N. Hwy 281
Marble Falls, Texas 78654
(830)798-1690 telephone
(830)798-0328 telecopier

By: _____
Eddie G. Shell
Attorney for Applicant

# Exhibit B

83

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Application for Post Conviction Writ of Habeas Corpus was served on the prosecuting attorney via facsimile (512) 756-8572 on this the 2nd day of January, 2015.

Eddie G. Shell

# Exhibit B

STATE OF TEXAS    §

COUNTY OF BURNET    §

## AFFIDAVIT

Before me, the undersigned notary, on this day personally appeared Eddie G. Shell a person whose identity is known to me.  After I administered an oath to him, upon his oath, he stated the following:

"My name is Eddie G. Shell, and I am capable of making this affidavit and the facts stated in this affidavit are within my personal knowledge and are true and correct.  I have read the foregoing Application for Post Conviction Writ of Habeas Corpus and all facts contained therein are true and correct to the best of my knowledge."

_____
Eddie G. Shell

Sworn and Subscribed before me on this the _____2nd_____ day of ____January____, 2015.

_____
Notary Public, State of Texas

SABRINA LYNN WILLS
Notary Public, State of Texas
My Commission Expires
August 21, 2018

# Exhibit B

NO.9767 A

EX PARTE                              §   IN THE 33rd DISTRICT COURT
                                      §
vs.                                   §   OF
                                      §
RAFEAL HERNANDEZ-PRADO                §   BURNET COUNTY , TEXAS

On __03/25__, 2015, came on to be considered the Defendant's Application for

Post Conviction of Writ of Habeas Corpus in the above styled and numbered cause, and said

Application is hereby

    (GRANTED)    (DENIED)

Signed on __03/25/15__.

_____
JUDGE PRESIDING

CASIE WALKER DISTRICT CLERK
FILED
APR 30 2015
4:05 AM/PM
BURNET COUNTY, TEXAS

# Exhibit C

hearing.

MR. CROWTHER: Frank Randolph.

THE COURT: Trooper Randolph. Okay. Thank you.

MR. SHELL: Pardon me.

THE COURT: And then at that hearing there was a motion -- there was a writ of habeas corpus. There was obviously the State's motion to adjudicate guilt. And there was one other motion, I think, that was handled by the Court at the hearing. Since that time, the Court -- having taken it under advisement and reviewed defense counsel's writ and pleadings and review of the evidence before the Court, the Court finds that the Defendant did violate Probation Terms and Conditions 5, 11, and 13, and the Sex Offender Supplement Probation Terms and Conditions 1, 2, 8, and 9.

Based on those findings, the Court finds Mr. Hernandez-Prado guilty of the first degree felony as pled in his original plea agreement of burglary of a habitation with an intent to commit a felony.

The range of punishment was 5 to 99 years. The Court, having considered all the evidence before the Court, finds the appropriate punishment to be 15 years in the Institutional Division of the TDCJ and hereby sentences the defendant to 15 years in the TDCJ with no fine.

There's court costs of $50 and court-appointed attorneys fees.

Exhibit D

STEPHANIE A. LARSEN, CSR, RPR