**Opinion issued June 16, 2026**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-23-00176-CR

_____

## EX PARTE WARREN MCGEE

---

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Case No. 1805010**

---

## MEMORANDUM OPINION

This is an appeal from the denial of a petition for writ of habeas corpus. We previously dismissed the appeal for lack of jurisdiction, but the Court of Criminal Appeals vacated our judgment and remanded for consideration of the merits. In one issue, McGee contends that the habeas court erred by denying relief. We affirm.

## Background

This case arises from a judgment of contempt. In November 2022, a Harris County criminal court at law (the trial court) signed a show cause order requiring McGee to appear for a show cause hearing a few days later.[1] The show cause order stated:

> MCGEE, WARREN DALE is hereby ORDERED to appear before this Court on 11/14/2022 at 9:00 am to show cause, if any he has, why he should not be held in contempt and punished for failing to abide by the ORDERS of this Court, to wit: DEFENDANT COMMITTED A CRIME AND/OR ENGAGED IN CONDUCT THAT RESULTED IN HIS ARREST in the above entitled and numbered cause.

The order did not specify what crime or conduct McGee allegedly engaged in.

The appellate record does not contain a transcript of the show cause hearing, but the same day McGee was to appear (November 14, 2022), the trial court signed a judgment of contempt and commitment order. The judgment contained findings that McGee's "behavior prevented the court from conducting its proceedings in a dignified, orderly, and expeditious manner," and McGee "persisted in disrupting the proceedings of the court" despite warnings of contempt. McGee was sentenced to one year of deferred-adjudication probation. The court subsequently signed conditions of community supervision. Among other things, the conditions required

---

[1] The record indicates that McGee was a defendant in a separate proceeding in the trial court. McGee asserts that the contempt proceeding arose because he allegedly violated conditions of bail in the separate misdemeanor case.

McGee to report to a community supervision officer and permit visits at his home and workplace; remain in Texas; submit to alcohol and drug testing; pay monthly fees for supervision and drug testing; and install a court-approved alcohol breath analysis device in any vehicle he drives.

On January 31, 2023, McGee filed a petition for writ of habeas corpus in a Harris County district court (the habeas court) seeking relief from the contempt judgment. He asserted that both the show cause order and the contempt judgment were void from inception because neither one sufficiently alleged that McGee committed an offense.

The same day he filed the habeas petition, the trial court signed an order setting aside its contempt judgment and an order dismissing its show cause order. The set-aside order "withdr[ew]" the contempt judgment because "deferred adjudication [is] not applicable in contempt cases." (Emphasis omitted.) Importantly, both orders were signed on January 31, 2023, more than 60 days after the trial court signed the contempt judgment on November 14, 2022.

McGee then filed an amended petition for writ of habeas corpus. This live petition asserted that even though the trial court had purported to set aside its contempt judgment and dismiss its show cause order, "[i]t is by no means obvious that these actions had any legal effect" because "it is not clear that [the trial court] can undo a final judgment two months after finding a person in contempt." This lack

of clarity means that McGee "will continue to suffer the collateral consequences of people finding that he has been held in contempt." He asked the habeas court to set aside the trial court's contempt judgment.

The habeas court held a short hearing on the application. It then denied habeas relief, but the order stated that the trial court's set-aside order "shall remain in effect." McGee timely filed a notice of appeal.

On March 28, 2024, this Court dismissed the appeal for lack of jurisdiction. We held that the requested habeas relief was moot because the trial court had set aside its contempt judgment. *Ex parte McGee*, No. 01-23-00176-CR, 2024 WL 1314049 (Tex. App.—Houston [1st Dist.] Mar. 28, 2024, pet. granted) (per curiam) (mem. op., not designated for publication). On July 31, 2024, the Court of Criminal Appeals granted McGee's petition for discretionary review, vacated our prior judgment, and remanded the appeal to this Court to address the trial court's jurisdiction to dismiss the contempt judgment. *Ex parte McGee*, No. PD-0517-24, 2024 WL 3594187 (Tex. Crim. App. July 31, 2024) (per curiam) (not designated for publication).

## Habeas Corpus

In his sole issue on appeal, McGee contends that the habeas court erred by denying habeas relief.

**A.** **The trial court lacked jurisdiction to dismiss its show cause order and set aside its contempt judgment.**

McGee first contends that the trial court lacked jurisdiction to set aside its void judgment of contempt and to dismiss its void show cause order.

In a criminal contempt proceeding like this one, the show cause order serves as the charging instrument providing the accused with notice of the alleged offense. *Ex parte Estevez*, 713 S.W.3d 913, 919, 920 (Tex. Crim. App. 2025). To be valid and convey personal and subject-matter jurisdiction to the trial court, a charging instrument must charge a person with committing an offense. *Jenkins v. State*, 592 S.W.3d 894, 902 (Tex. Crim. App. 2018); *see Estevez*, 713 S.W.3d at 918 ("Defendants charged with contempt enjoy most of the same constitutional protections applicable to other criminal defendants," including "notice of charges."). If a show cause order is void for failing to state an offense, so too is any contempt judgment based on it. *Estevez*, 713 S.W.3d at 919.

In *Estevez*, the Court of Criminal Appeals held that lack of notice rendered a show cause order void. *Id.* Specifically, the show cause order was void because it did not give the accused sufficient notice of the charged offense. *Id.* And because the show cause order was void, the contempt order based on it was also void. *Id.*

This Court has followed *Estevez* in an unpublished memorandum opinion. *See Ex parte Eugene*, No. 01-23-00174-CR, 2025 WL 2446364, at *2–4 (Tex. App.— Houston [1st Dist.] Aug. 26, 2025, no pet.) (mem. op., not designated for

publication). And we further held that the trial court's orders setting aside the judgment of contempt and dismissing the show cause order were also void because the trial court lacked jurisdiction due to the deficient charging instrument. *Id.*

Accordingly, the contempt judgment here is likewise void because it is based on a void show cause order. The show cause order (which is nearly identical to the one in *Estevez*) did not allege an offense. The parties agree on this point. The trial court subsequently entered equally void orders adding conditions of community supervision. Finally, as in *Eugene*, the trial court issued void orders purporting to set aside the contempt judgment and dismiss the show cause order. *See id.*

## B. McGee was not entitled to habeas relief.

McGee next contends that he was entitled to habeas relief because he was unlawfully restrained by the trial court's void contempt judgment. We disagree.

We typically review a ruling on an application for writ of habeas corpus for an abuse of discretion. *Ex parte Nugent*, 593 S.W.3d 416, 423 (Tex. App.—Houston [1st Dist.] 2019, no pet.). But this standard is not necessarily appropriate in the context of the application of law to facts when the decision does not turn on the credibility or demeanor of witnesses. *Ex parte Martin*, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999) (noting that where facts are uncontested, de novo is appropriate standard to review habeas court's ruling). When the trial court is not in an appreciably better position than the reviewing court to make that determination, a de

novo standard of review is appropriate. *Id.* (quotation omitted). Here, we apply a de novo standard because the facts are undisputed and no witness testified at the habeas hearing.

A habeas applicant has the burden to establish by a preponderance of the evidence that the facts entitle him to relief. *Nugent*, 593 S.W.3d at 423. In a case like this one where the applicant raises a collateral attack to a contempt judgment, the burden is on the applicant to prove that the contempt judgment was void for lack of notice. *See Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979) (orig. proceeding). An applicant must also show that he was restrained in his liberty, although restraint is construed liberally to include collateral consequences. *Ex parte Davis*, 748 S.W.2d 555, 557 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd).

"The writ of habeas corpus is the remedy to be used when any person is restrained in his liberty." TEX. CODE CRIM. PROC. art. 11.01. Restraint includes actual detention, but it can also include other means of control over the person of another. *Id.* art. 11.21. Restraint includes not only detaining a person within certain limits, but also "subject[ing] him to the general authority and power of the person claiming such right." *Id.* art. 11.22. Both the Texas Supreme Court and the Court of Criminal Appeals have held that "[a]ny character of restraint which precludes absolute and perfect freedom of action will justify issuance of the writ." *Ex parte Kleinman*, 721

S.W.3d 400, 404 (Tex. Crim. App. 2025) (quoting *Ex parte Calhoun*, 127 Tex. 54, 57, 91 S.W.2d 1047, 1048 (1936) (orig. proceeding)).

The issue becomes whether McGee was still restrained as defined in chapter 11 of the Code of Criminal Procedure such that he was entitled to habeas relief even though he was no longer subject to deferred-adjudication probation and conditions of community supervision, and the contempt judgment was ostensibly set aside. *See* TEX. CODE CRIM. PROC. art. 11.01. Again, restraint goes beyond confinement within certain limits, applying also when one subjects the applicant to "the general authority and power of the person claiming such right." *Id.* art. 11.22.

McGee argues that he is subject to collateral consequences "even if the contempt court's action in dismissing the contempt proceeding against him had been effective" because he "would continue to suffer the collateral consequences of people finding that []he has been jailed and sent to inpatient treatment for contempt, and turning him down for jobs, apartments, and other opportunities, until that judgment is set aside on the grounds that it is false, and unlawfully entered."

But as the State points out, nothing in the appellate record shows that McGee was restrained when the habeas court heard his claim. As the applicant, McGee had the burden to establish that he was unlawfully restrained. *See Nugent*, 593 S.W.3d at 423; *Davis*, 748 S.W.2d at 557. Although he argues that he could be subject to certain collateral consequences from the contempt judgment, he did not provide any

evidence demonstrating he was subject to any collateral consequences or other restraint. The record indicates that although the orders setting aside the contempt judgment and dismissing the show cause order were void, McGee was nonetheless released from any restraint imposed under the contempt judgment.

At the hearing on the habeas petition, the habeas court indicated that relief was improper based on its belief that the trial court's orders effectively released McGee from restraint. For example, the habeas court stated:

- "I'm trying to figure out procedurally—this is filed, he's not in custody because based on what's been presented it's been dismissed and vacated, so it's not there and the cause number is not there."

- "[W]hat I'm saying, the order would be the same thing that I would put in the order, so apparently the order [signed by the trial court] specifically says according to adjudication is not applicable in this proceeding. So everything that you would want to put in the order is already placed in the order [signed by the trial court] and that order was already signed on 11-14-24 [sic]. So my reading of it doesn't seem to indicate [the trial court] was without the authority to do that, and as a result this [habeas proceeding] would be moot."

- "So if [the trial court] has the authority he did vacate it. And what I'm being asked to do is vacate and say the same thing that [the trial court] already has said [in the set-aside order]."

The order denying habeas relief indicated that the habeas court deemed the orders setting aside the contempt judgment and dismissing the show cause order to be effective: "The prior judgment entered in cause number 2431557 on 1/31/2023 in the . . . County Criminal Court at Law Number 16, Harris County, Texas, shall

9

remain in effect." As discussed above, all these orders issued by the trial court were void for lack of jurisdiction.

The record does not demonstrate collateral consequences from a void judgment of contempt that would rise to the level of restraint. The habeas court therefore properly denied relief, even if it incorrectly gave effect to the void January 31, 2023 order setting aside the contempt judgment. For these reasons, we hold that the denial of habeas corpus relief was appropriate.

## Conclusion

We affirm the judgment denying habeas corpus relief.


David Gunn
Justice

Panel consists of Chief Justice Adams and Justices Gunn and Johnson.

Do not publish. TEX. R. APP. P. 47.2(b).